United States District Court
Southern District of Texas
**ENTERED**
July 06, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CONSUELO LIVING, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-22-2458 |
| | § | |
| TARGET CORPORATION, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Consuelo Living ("Plaintiff") brought this action against the Target Corporation ("Defendant").[1]  Plaintiff slipped and fell in Defendant's store and seeks damages.  Pending before the court is Defendant Target Corporation's Motion for Summary Judgment ("Defendant's MSJ") (Docket Entry No. 16).  For the reasons stated below, Defendant's MSJ will be granted.

### I.  Background

Plaintiff is an individual residing in Harris County, Texas.[2]  Defendant is a corporation that owns the Target store located at 2700 Eldridge Parkway in Houston, Texas ("the Store").[3]  The

---

[1]Plaintiff's Original Petition ("Complaint"), Exhibit B to Notice of Removal, Docket Entry No. 1-2, p. 2.  For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing ("ECF") system.

[2]Id. at 3 ¶ 4.

[3]Id. ¶¶ 5, 6.

parties agree that Plaintiff slipped and fell on a liquid near the Store's checkout area.[4]   The layout of the area where Plaintiff fell is captured in Defendant's surveillance video:[5]



In the video, the spot where Plaintiff slipped is obstructed by the gift card rack on the left.   As a result, the video does not conclusively show when the spill occurred.   The 27-minute video includes the 14 minutes and 36 seconds preceding Plaintiff's fall. During that time, 17 people walked through the obstructed spot where Plaintiff fell.   Roughly 30 seconds before Plaintiff's fall, a male guest pushing a cart enters the frame from the left:[6]

---

[4]Defendant's MSJ, Docket Entry No. 16, p. 5.

[5]Video Surveillance Depicting Subject Incident, Exhibit H to Defendant's MSJ, Docket Entry No. 16-8.

[6]Id. (arrow added).



The guest reaches the spot of Plaintiff's subsequent fall four seconds later.  The view is largely obstructed, but the guest stops and leans over his cart, appearing to look down:



The guest then turns around and goes in the opposite direction, holding what Plaintiff describes as a cup:[7]

---

[7]Plaintiff's Response to Defendant Target Corporation's Motion for Summary Judgment ("Plaintiff's Response"), Docket Entry No. 17, p. 15.



Just over ten seconds later, Plaintiff and her husband finish
checking out and leave the register:



Three employees in the vicinity were walking behind Plaintiff in
the same direction.[8]  Plaintiff fell about five seconds after
leaving the register:

---

[8]See id.; Oral Deposition of Nneke Singleton ("Singleton
Depo."), Exhibit A to Plaintiff's Response, Docket Entry No. 17-1,
p. 30:12-16.

-4-



One of the employees estimated that she was about 18 feet away from Plaintiff when Plaintiff fell.[9]  Plaintiff cites no evidence that any of the Target employees actually saw the spilled liquid before Plaintiff fell.  Witnesses have given various estimates on the spill's size, up to Plaintiff's husband's estimate of two to three 8½"x11" sheets of paper.[10]  Plaintiff and her husband stated that the spill had spread out on the floor.[11]  The parties agree that the liquid was brown.[12]

---

[9]Oral Deposition of Bukonla Bukare ("Bukare Depo."), Exhibit B to Plaintiff's Response, Docket Entry No. 17-2, p. 14:5-8.

[10]Deposition of Andrian Thompson, Exhibit D to Plaintiff's Response, Docket Entry No. 17-4, p. 2 (8:7-11).

[11]Id. (8:12-14); Videoconference Deposition of Consuelo Alicia Living, Exhibit C to Plaintiff's Response, Docket Entry No. 17-3, p. 12 (48:20-25) - p. 13 (49:1-2).

[12]Defendant's MSJ, Docket Entry No. 16, p. 15.

Plaintiff filed suit in the District Court of Harris County, Texas, on June 15, 2022.[13]  The Complaint alleges negligence and premises liability, but Plaintiff now concedes that her claim is governed by premises liability.[14]  Defendant removed the case to this court on July 25, 2022.[15]  Defendant filed its MSJ after discovery on May 12, 2023, Plaintiff responded, and Defendant replied.[16]

## II.  <u>Summary Judgment Standard</u>

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Summary judgment is proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case."  <u>Celotex Corp. v. Catrett</u>, 106 S. Ct. 2548, 2552 (1986).  "[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving

---

[13]Complaint, Exhibit B to Notice of Removal, Docket Entry No. 1-2.

[14]<u>Id.</u> at 4.

[15]Notice of Removal, Docket Entry No. 1.

[16]Defendant's MSJ, Docket Entry No. 16; Plaintiff's Response, Docket Entry No. 17; Defendant Target Corporation's Objection to Plaintiff's Summary Judgment Evidence and Reply to Plaintiff's Response to Target's Motion for Summary Judgment ("Defendant's Reply"), Docket Entry No. 18.

party's case." Id. at 2554.  "[T]he court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Products, Inc., 120 S. Ct. 2097, 2110 (2000). "[W]e review evidence in the light most favorable to the nonmoving party, [but] we assign greater weight, even at the summary judgment stage, to the facts evident from video recordings taken at the scene." Carnaby v. City of Houston, 636 F.3d 183, 187 (5th Cir. 2011) (citing Scott v. Harris, 127 S. Ct. 1769, 1776 (2007)).

### III.  **Texas Premises Liability**

Defendant does not dispute that Plaintiff was an invitee at the Store.  For an injured invitee, "the elements of a premises claim are:  (1) Actual or constructive knowledge of a condition on the premises by the owner or occupier; (2) That the condition posed an unreasonable risk of harm; (3) That the owner or occupier did not exercise reasonable care to reduce or eliminate the risk; and (4) That the owner or occupier's failure to use such care proximately caused the plaintiff's injury." CMH Homes, Inc. v. Daenen, 15 S.W.3d 97, 99 (Tex. 2000).  To establish constructive knowledge, a plaintiff must show that "it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it." Wal-Mart Stores, Inc. v. Reece, 81 S.W.3d 812, 814 (Tex. 2002).  "[A] court may consider the combination of (1) the length of the time the hazard existed,

(2) the proximity of employees to the hazard, and (3) the conspicuousness of the hazard." O'Connor v. Wal-Mart Stores Texas, L.L.C., No. 21-40609, 2023 WL 316368, at *3 (5th Cir. Jan. 19, 2023) (citing Wal-Mart Stores, Inc. v. Spates, 186 S.W.3d 566, 567–68 (Tex. 2006)).  Proximity of employees and conspicuousness of the hazard reduce the time necessary to assign constructive knowledge, but they do not eliminate the plaintiff's burden to show how long the hazard existed.  See Reece, 81 S.W.3d at 816.  But it is not sufficient to "prove[] only that the [hazard] could possibly have been there long enough to make [the premises owner] responsible for noticing it."  Wal-Mart Stores, Inc. v. Gonzalez, 968 S.W.2d 934, 938 (Tex. 1998) (emphasis in original).

## IV. **Analysis**

Defendant argues that Plaintiff's premises liability claim fails because Plaintiff has no evidence of actual or constructive knowledge and no evidence that Defendant failed to exercise reasonable care.[17]  Plaintiff does not address actual knowledge,[18] but she argues that Defendant had constructive knowledge based on the time the spill existed, the proximity of Defendant's employees to the spill, and the spill's conspicuousness.[19]  Plaintiff argues

---

[17]Defendant's MSJ, Docket Entry No. 16, p. 5.

[18]Because Plaintiff does not respond to Defendant's MSJ regarding actual knowledge, Defendant is entitled to summary judgment on the issue.

[19]Plaintiff's Response, Docket Entry No. 17, pp. 14, 8, 11.

that Defendant failed to exercise reasonable care because indoor wet floors are hazardous.[20]

**A.   When the Liquid Was Spilled**

The parties disagree about when the liquid was spilled. Defendant states that the manager on duty concluded that the spill occurred 20 seconds before Plaintiff fell.  Plaintiff attacks Defendant's employees' investigation and emphasizes that "the video surveillance does not show a guest spilling coffee."[21]  Plaintiff bears the burden of showing how long the spill existed.  Reece, 81 S.W.3d at 814.

The video supports the inference that the spill existed at least 20 seconds before Plaintiff's fall.  That is, even though the view is partially obstructed, the video confirms that no one walked through the spot in the 20 seconds before Plaintiff fell.  It is therefore safe to conclude that the spill existed at least 20 seconds.  But this is the extent of what Plaintiff can demonstrate from the video, and Plaintiff offers nothing that shows that the spill existed any longer.  The preceding 15 minutes of available video do not show a spill, nor do the passersby do anything that suggests they see a spill.  Plaintiff argues that the spill must have been there a while, citing her and her husband's statements

---

[20]Id. at 13-14.

[21]Id. at 14.

that it was spread out.[22]  The condition of a spill can support an inference that it existed for an extended period of time.  See Kofahl v. Randall's Food & Drugs, Inc., 151 S.W.3d 679, 681 (Tex. App.—Waco 2004) (relying on "testimony that the edges of the 'large' puddle of liquid [that the plaintiff] slipped in were 'very tacky and gummy' as if the puddle was 'starting to dry up.'").  But unless a liquid is very thick, the fact that it is spread out is of extremely limited value in discerning when it occurred.  For example, if the liquid was coffee, as multiple witnesses have described,[23] it could have spread out within a few seconds of being spilled.

## B.  Constructive Knowledge

The video shows that there were three employees in the vicinity and in view of the spill.  Three others are in the frame but somewhat further away.  The largest estimate of the spill's size is two to three sheets of paper, and it is undisputed that the spill was brown on white tile.  This evidence of employee proximity and the spill's conspicuousness support assigning constructive knowledge sooner than would otherwise be appropriate.  The question is, with this level of conspicuousness and employee proximity,

---

[22]Id. at 12.

[23]Singleton Depo., Exhibit A to Plaintiff's MSJ, Docket Entry No. 17-1, p. 71:24-25; Bukare Depo., Exhibit B to Plaintiff's MSJ, Docket Entry No. 17-2, p. 15:20-22.

whether 20 seconds can be enough to establish constructive knowledge under Texas law.

Plaintiff cites Moreno v. Wal-Mart Stores Texas, LLC, 506 F.Supp.3d 503 (S.D. Tex. 2020), as comparable. In Moreno a merchandiser stocking items at a Wal-Mart Store "walked into the storage freezer, took a few steps, and fell." Id. at 505. "When he got up, he noticed footprints in the freezer and realized his shoes were wet." Id. "He then noticed a puddle of approximately a gallon of water directly in front of the storage freezer, which he would have had to walk through to get inside the storage freezer." Id. at 505—06. The large puddle was on and around a clogged drain. Id. at 508. The court credited the plaintiff's argument that drains take time to clog and back up and that this allowed an inference that the puddle had been there for some time. See id. The court considered that inference and evidence that Wal-Mart employees had walked past the area nine times in the prior 30 minutes. Id. The court held that the evidence created a triable fact issue regarding constructive knowledge. Id. This case bears little resemblance to Moreno. There is no evidence to show that the spill in question existed for longer than 20 seconds. The Moreno spill resulted from a clogged, backed up drain, which would tend to indicate an event lasting a much longer time.

On the other hand, courts have held that constructive knowledge could not be established in time periods comparable to this case. See, e.g., Walicki v. Walmart Stores Texas, LLC, Civil

Action No. 9:17-cv-41, 2018 WL 3603089 (E.D. Tex. June 22, 2018). In Walicki "Plaintiff visited Defendant's store . . . to buy containers of water." Id. at *1. "After Plaintiff successfully loaded several, large containers of water into her cart, she slipped and fell on water in the beverage aisle while loading another container of water into her cart." Id. At least five stockers had been continuously working in the area before the plaintiff's fall. Id. at *3. The court concluded that the evidence indicated that the spill occurred during the 20 seconds before the plaintiff's fall when she was loading the water into her cart. Id. The court granted summary judgment to the defendant on the issue of constructive knowledge, stating that "Defendant could not have reasonably discovered the spill" in that length of time. Id. Other courts have reached similar conclusions. See Caballero v. Wal-Mart Stores Texas, L.L.C., Civil Action No. H-06-1679, 2007 WL 2964747, at *3 (S.D. Tex. Oct. 10, 2007) (ten seconds was inadequate to establish constructive knowledge of a clear spill even though there were five employees in the immediate vicinity who saw the plaintiff fall); Wal-Mart Stores, Inc. v. Lopez, No. 04-98-00676-CV, 2000 WL 31971, at *1 (Tex. App.—San Antonio Jan. 12, 2000) (the evidence did not support constructive knowledge where a yellow substance "could have been there for five minutes or less before [the plaintiff] slipped").

No two slip-and-fall cases will involve identical combinations of time, proximity, and conspicuousness. But the weight of

authority makes clear that Texas law does not permit a finding of constructive knowledge under these facts.  Plaintiff lacks evidence to show that the spill existed longer than 20 seconds.  Even with the closeness of employees and the conspicuousness of the spill, 20 seconds is not long enough to reasonably expect that Defendant should have discovered the spill.  Defendant's MSJ will therefore be granted as to constructive knowledge.

### V.  Conclusion and Order

Plaintiff has abandoned her negligence claim, and she has not met her summary judgment burden with respect to actual or constructive knowledge, an essential element of her premises liability claim.  Defendant Target Corporation's Motion for Summary Judgment (Docket Entry No. 16) is therefore **GRANTED**, and this action will be dismissed with prejudice.

**SIGNED** at Houston, Texas, on this the 5th day of July, 2023.

_____

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

-13-